## CHARLES B. EGGLESTON
## v.
## ASAHEL GAGE.

*Real Prope ty—Tax Deed—Redemption—Injunctions—Title—Cloud— Sec. 211, Revenue Statute.*

Upon a bill filed to enjoin the taking out of a tax deed of certain real estate and to remove certain documents spread upon the records, as a cloud upon the title thereof, this court holds, that Sec. 211 of the Revenue Statute applies to cases where the land is a second time sold for the taxes of a succeeding year.

[Opinion filed May 29, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. HENRY M. SHEPARD, Judge, presiding.

Mr. N. M. JONES, for appellant.

Mr. AUGUSTUS N. GAGE, for appellee.

MORAN, J.   The bill in this case was filed by appellant to enjoin appellee from taking out a tax deed of certain real estate described, and to remove certain documents which were spread of record in the recorder's office of Cook county, from the records, as being a cloud upon the title to said land.   The principal question relates to appellant's right to have a certain tax sale certificate which appellee holds, canceled on the ground that there was a redemption from the tax sale.

It appears that the property was sold to appellee on September 21, 1880, for the eighth installment of the South Park special assessment, and that the 22d day of September, 1880, it was again sold to John Carne, Jr., for the delinquent general taxes for the year 1879.   At the time of such sales the land in question was owned by one Nicholas, the grantor of appellant, and on March 16, 1881, less than six months after said tax sales, said Nicholas, by his attorney, redeemed from the sale to Carne by paying the amount of the sale plus twenty-five per cent interest thereon, and the fees and costs, and paid to the county clerk the exact amount of the sale to appellant and the clerk's fees for filing, and received from the clerk a redemption certificate.

Appellant's contention is, this was a full redemption from the sale to appellant under Sec. 211 of the Revenue Statute, which provides that "If any purchaser of real estate sold for taxes or special assessments shall suffer the same to be again sold for taxes or special assessment before the expiration of the last day of the second annual sale thereafter, such person shall not be entitled to a deed for such real property until the expiration of a like term from the date of the second sale, during which time the land shall be subject to redemption upon the terms and conditions prescribed in this act; but the person redeeming shall only be required to pay for the use of such first purchaser, the amount paid by him.   The second person shall be entitled to the redemption money as provided for in the preceding section."

It is argued that appellee purchased the land for a special assessment on the 21st of September, and then suffered it to be sold to Carne for the general taxes on the 22d; that

Carne was the second purchaser and was entitled to the redemption money, and that appellant, being the first purchaser, was entitled only to the amount paid by him; that the two sales were made upon different precepts, to different persons, and to satisfy different judgments, and that to say that the second purchaser mentioned in the statute is one who purchased at a subsequent annual sale for taxes, is to interpolate the statute with words which the legislature did not use, and to give it a meaning which was not intended by the law makers.

We should have no hesitation in assenting to the contention of appellant, were it not for the decision of the Supreme Court in the case of Gage v. Parker, 103 Ill. 528. The distinction suggested between this case and that, is that here the sales are made to different persons while there the different sales were all made to the same person. As we understand Gage v. Parker, the distinction is not tenable. We should be very glad to avoid the doctrine of that case, on any very plausible grounds, but it is binding on us, as a court, and we must follow it until the Supreme Court shall see fit to modify or overrule it.

The decree of the Superior Court must therefore be affirmed.

*Decree affirmed.*